FILED

Stepan Vartanian, Plaintiff In Pro Per
7739 Goodland Ave
North Hollywood, CA 91605
TEL 818-923-4040

2012 JAN 23 PM 3: 41

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

Stepan Vartanian, an individual,

    PLAINTIFF,

        vs.

PHILLIPS AND COHEN ASSOCIATES, LTD,
a Florida Limited Trade Distribution

    DEFENDANT.

Case No. **CV12-459** CAS (AGRx)

**COMPLAINT FOR DAMAGES**

Now comes the Plaintiff, Stepan Vartanian, (hereinafter "Plaintiff") on behalf of himself and brings his Complaint against Defendant PHILLIPS AND COHEN ASSOCIATES, LTD (hereinafter "Defendant") for violations of Fair Debt Collection Practices Act [15 U.S.C. §1692-1692p] ("FDCPA"), California's Rosenthal Fair Debt Collection Practices Act [California Civil Code §1788 et seq.] ("RFDCPA"), Fair Credit Reporting Act [15 U.S.C. §1681 et seq.] ("FCRA"), California's Consumer Credit Reporting Agencies Act [California Civil Code §1785.2 et seq.] ("CCRAA"), and for defamation by libel and invasion of privacy/false light, alleging as follows:

**PRELIMINARY STATEMENT**

1.  The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of

individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses [15 U.S.C. §1692(a)-(e)].

2.  The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Ninth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated" consumer. [Baker v. G.C. Services Corp., 677 F.2d 775, 778 (9th Cir. 1982); Swanson v. Southern Oregon Credit Service, Inc. 869 F.2d 1222, 1227(9th Cir.1988)]. This objective standard "ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd ... the ignorant, the unthinking and the credulous." [Clomon v. Jackson, 988 F.2d 1314, 1318-19 (2nd Cir. 1993)].

3.  To prohibit deceptive practices the FDCPA, at 15 U.S.C. §1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. §1692e(1)-(16). To prohibit harassment and abuses by debt collectors, the FDCPA, at 15 U.S.C. §1692d, further provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct. 15 U.S.C. §1692d(1)-(6).

4.  The FDCPA also prohibits, at 15 U.S.C. §1692c, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, communication by a debt collector in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

5. The RFDCPA regulates collection agencies and original creditors attempting to collect debts on their own behalf. The California legislature has determines that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise their responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

6. Congress enacted the FCRA to establish consumer rights to privacy over their credit and financial information and to ensure the "[a]ccuracy and fairness of credit reporting." FCRA provides several protections for consumers, including but not limited to the right to be notified of any negative/unfavorable information reported in their name and the right to dispute inaccurate, outdated, incomplete or otherwise unfairly reported information on their credit file.

7. The FCRA, under CONGRESSIONAL FINDINGS AND STATEMENT OR PURPOSE, 15 U.S.C. §1681(a)(4) reads in relevant part:

8. *"There is a need to insure that consumer credit reporting agencies exercise their grave responsibilities with fairness, impartiality, and **a respect for the consumer's right to privacy.**"* (Emphasis added.)

9. The FCRA, under CONGRESSIONAL FINDINGS AND STATEMENT OF PRUPOSE, 15 U.S.C. §1681(b) reads in relevant part;

10. *"Reasonable procedures.  It is the purpose of this title to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable **to the consumer** with regard to the **confidentiality,** accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title."* (Emphasis added.)

11. The statute governing "permissible purposes of consumer reports," FCRA 15 U.S.C. §1681b, provides in pertinent part:

12. "*(a) In general. Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances **and no other:**"* (Emphasis added.)

13. Thus, the strictly limited provisions set forth in section 1681b operate to support the **confidentiality** of consumer reports by limiting their dissemination.

14. FCRA regulates credit reporting agencies as well as creditors, collection agencies and other parties who provide information to credit reporting agencies and/or obtain and use the consumer credit reports. FCRA Section 604, 15 U.S.C. §1681b, identifies the permissible purposes allowed under the act for conducting credit reviews on consumers.

15. FCRA Sections 616 and 617, 15 U.S.C. §1681n and §1681o, create private right of action consumers can bring against violators of any provision of the FCRA with regards to their credit. In DiMezza v. First USA Bank, Inc., supra, the court confirmed that "[...] the plain language of [CRA Sections 616 and 617, 15 U.S.C. §1681n and §1681o] provide a private right of action for a consumer against furnishers of information who have willfully or negligently failed to perform their duties upon notice of a dispute. [...] there is a private right of action for consumers to enforce the investigation and reporting duties imposed on furnishers of information."

16. CCRAA was implemented to protect the credit information of California consumers. CCRAA also regulates consumer credit reporting agencies and furnishers of information with respect to personal, credit and other financial information submitted and maintained in their credit file. CCRAA in California Civil Code §1785.25-1785.26 refrains furnishers of information from reporting information that they know or should have known was erroneous, and obligates furnishers to cease credit reporting of information disputed by consumers without notice of such dispute.

17. Similar to FCRA Section 604, 15 U.S.C. §1681b, California Civil Code §1785.11 identifies the lawful reasons that would allow for a credit review on any given consumer.

18.     CCRAA provides consumers with the right to be informed of negative credit reporting and the right to dispute information in their credit reports, which they believe is incomplete and/or inaccurate. Consumers also have the right to bring civil action against violators of any provision of the CCRAA with respect to their rights and their credit, and to seek monetary damages. California Civil Code §1785.19 and §1785.31.

19.     *Sanai v. Saltz, et al.*, 2009 Cal. App. LEXIS 83 (Cal. App. 2d Dist. Jan. 26, 2009) established that consumers may replead their FCRA claims as violations of the CCRAA and that the state claims are not preempted by FCRA. In further support, courts have uniformly rejected creditors' and consumer reporting agencies' arguments that the FCRA bars state law claims. See Sehl v. Safari Motor Coaches, Inc., 2001 U.S. Dist. Lexis 12638 (U.S.D.C. N.D. Cal. 2001)(for detailed discussion); Harper v. TRW, 881F. Supp. 294 (U.S.D.C. S.D. Mich. 1995); Rule v. Ford Receivables, 36 F. Supp.2d 335 (U.S.D.C. S.D. Va. 1999); Watkins v. Trans Union, 118 F. Supp.2d 1217 (U.S.D.C. N.D. Ala. 2000); Swecker v. Trans Union, 31 F. Supp.2d 536 (U.S.D.C. E.D. Va. 1998); Saia v. Universal Card Svc., 2000 U.S.Dist.Lexis 9494, 2000 Westlaw 863979 (U.S.D.C. E.D. La. 2000); Sherron v. Private Issue by Discover, 977 F. Supp.2d 804 (U.S.D.C. N.D. Miss. 1997); Hughes v. Fidelity Bank, 709 F. Supp.2d 639 (U.S.D.C. E.D. Pa. 1989).

## JURSDICTION, VENUE, AND DEMAND FOR JURY TRIAL

1.     Jurisdiction of this court arises pursuant to *15 U.S.C. §1962k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy." This Court also has jurisdiction of the federal claims asserted pursuant to 28 U.S.C. §1331 and supplemental jurisdiction of the state law claims asserted pursuant to 28 U.S.C. §1367(a).

2.     Defendant regularly conducts business in the state of California, and therefore, personal jurisdiction is established.

3.   Venue is proper in this district pursuant to 28 U.S.C. §1391 because Defendant conducts business in this district and many of the events occurred in this district. Further, Plaintiff resides in this district.

4.   Pursuant to Rule 38(b) of the Federal Rules of Civil Procedures, Plaintiff hereby demands a jury trial on any and all issues qualified for a jury trial.

## PRIVATE RIGHT OF REMEDY

20.   15 U.S.C §1692k(a) states that "... any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of-."

21.   Cal. Civ. Code §1788.30(a) states that "any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action..."

22.   15 U.S.C. §1681n and §1681o refer to consumers' ability to bring civil liability action against users/furnishers of information for willful and negligent noncompliance respectively, with regards to any provision of the FCRA.

23.   *Gorman v. MBNA America Bank, N.A., No. 06-17226* further established that consumers are entitled to a Private Remedy against Furnishers for noncompliance with their obligations enforced under FCRA §1681s-2(b).

24.   California Civil Code §1785.15(f) states that consumers "have a right to bring civil action against anyone [...], who improperly obtains access to a file, knowingly or willfully misuses file data, or fails to correct inaccurate file data" concerning a consumer's credit report.

25.   California Civil Code §1785.31(a) states that Plaintiff as "any consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person to recover the following."

## PARTIES

5.   Plaintiff is an individual, and at all times relevant herein, was a resident of Los Angeles County, California.

6.   Plaintiff is a consumer as defined in 15 U.S.C. §1681a (c) and California Civil Code

§1785.3(b).

7.   Defendant is a Florida Company.

8.   Defendant regularly conducts business in the State of California.

9.   Defendant is a debt collector as defined in *15 U.S.C. §1692a(6)*and *Cal. Civ. Code §1788.2(c)*.

10.  Defendant is a person as defined in 15 U.S.C. §1681a (b) and California Civil Code §1785.3(j).

11.  Whenever this complaint alleges that any defendant did any act or thing, it is meant that it, it's directors, officers, agents, employees, or the directors, agents or employees of its subsidiaries, performed or participated in such act or thing, and in each instance that such act or thing was authorized or ratified by, and done on behalf of and under the direct control of that defendant.

26.  Plaintiff is informed and believes and on that basis alleges that Defendant is responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendant or as its agents, servants, employees and/or joint venturers and as set forth in this Complaint, and that each of them is legally liable to Plaintiff, as set forth below and herein:

a.   Said Officers, directors or managing agents of Defendant personally acted willfully with respect to the matters alleged in this Complaint;

b.   Said Officers, directors or managing agents of Defendant personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendant did so act;

c.   Said Officers, directors or managing agents of Defendant personally participated in the acts alleged herein of Defendant;

d.   Said Officers, directors or managing agents of Defendant personally had close supervision of their agents, servants, employees and/or joint venturers of Defendant;

e.   Said Officers, directors or managing agents of Defendant personally were familiar with the facts regarding the matters alleged herein;

f.   Said Officers, directors or managing agents of Defendant personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done

to Plaintiff. Further, said Officers, directors, or managing agents of Defendant failed and refused to punish or discharged the said agents, servants, employees and/or joint venturers of Defendant, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendant.

27.  Defendant is liable to Plaintiff for the relief prayed for in this Complaint, and any future amended complaint. Further, Plaintiff alleges that each act alleged herein, whether by a named Defendant was expressly authorized or ratified.

## FACTUAL ALLEGATIONS

1.  Plaintiff who is not a minor alleges that the foregoing events, starting from date of discover of the credit inquiry made by Defendant, which is the subject to this complaint, occurred within the past one year.

2.  In or around October 2011 Plaintiff obtained his credit bureau reports from CRAs and was shocked to find that his credit was pulled and reviewed by Defendant on November 30, 2010 without Plaintiff's knowledge and authorization.

3.  Upon research and review of company profile available online, Plaintiff learned that Defendant is a collection agency that is in the business of collecting consumer debts.

4.  Upon information and belief, at some point Defendant must have purchased a debt alleged to be owed by Plaintiff, considered purchasing a debt alleged to be owed by Plaintiff, or looked into Plaintiff's history as a potential debtor for overdue and unsatisfied account balances to collect on. At no point prior to the credit review did Plaintiff know of any such debt confirmed or alleged by Defendant to be the responsibility of Plaintiff.

5.  Defendant violated 15 U.S.C. §1681 by running a credit inquiry into Plaintiff's consumer credit reports maintained by and with one or more of the three major credit reporting agencies, Experian, Equifax and Transunion (hereinafter "CRAs"), without Plaintiff's knowledge and authorization, and without having a permissible purpose for conducting a credit review as defined under §1681b of the above cited title.

6.  Specifically, on or about November 30, 2010 Defendant violated 15 U.S.C. §1681, by pulling Plaintiff's consumer credit reports, without the knowledge or consent of Plaintiff. Plaintiff had not requested a report from Defendant for purpose of extending credit, employment, insurance underwriting, or any other purposes that are allowed under this section. Defendant's credit review resulted in a hard credit inquiry, which reflects on Plaintiff's credit reports until today.

28. At or about the time Defendant initiated the credit pull of Plaintiff's consumer report:

a.  Plaintiff did not authorize consumer reporting agency to furnish his consumer report to Defendant.

b.  Plaintiff did not authorize Defendant to obtain his consumer report from consumer reporting agencies.

c.  Plaintiff did not apply for any credit, loans or services with Defendant.

d.  Plaintiff did not have any contractual relationship for credit, loans or services with Defendant.

e.  Plaintiff did not owe any debt to Defendant.

f.  Plaintiff did now owe any debt as the result of a judgment to Defendant.

g.  Plaintiff did not apply for any employment with Defendant.

h.  Plaintiff did not apply for any insurance from Defendant.

i.  Plaintiff did not have any existing account or credit obligation with Defendant.

j.  Plaintiff did not have any jurisdiction issued any order to credit reporting agencies to furnish Plaintiff's consumer report to Defendant.

k.  No head of State or local child support enforcement agency requested credit reporting agencies to provide Plaintiff's consumer report to Defendant.

l.  No agency administering a State plan under Section 454 of the Social Security Act (42 U.S.C. Section 654) requested credit reporting agencies to provide Plaintiff's consumer report to Defendant.

m.  Plaintiff did not apply for any license or other benefit granted by a government instrumentality through Defendant.

n.  Plaintiff did not receive any "firm offer of credit or insurance" from Defendant.

7.  Defendant violated 15 U.S.C. §1681 by ignoring Plaintiff's written disputes and requests for proof that the credit inquiry was run for a purpose recognized by law.

8.  Defendant conducted the above described credit review of Plaintiff's records without communicating to him of any debt and confirming the validity of any such alleged debt, even if such alleged debt did exist and was in their possession for collections.

9.  On or about October 13, 2011 Plaintiff sent a letter to Defendant, addressing the unauthorized credit review and requesting deletion of the hard credit inquiry from Plaintiff's credit file, unless Defendant could provide and support a justifiable purpose for conducting the disputed credit review.

10.  Defendant failed to answer Plaintiff's request and failed to delete the hard credit inquiry to avoid further damage to Plaintiff's credit records.

11.  On or about November 18, 2011 Plaintiff sent a follow up letter to Defendant, addressing its failure to respond or take appropriate corrective action with respect to Plaintiff's initial of dispute.

12.  On or about December 20, 2011 following Defendant's failure to respond to Plaintiff's follow up correspondence and once again its failure to take appropriate corrective action, Plaintiff sent Defendant a detailed letter of notice of all its violations.

13.  To date, after multiple correspondences, Defendant still continues to maintain the record of unauthorized credit inquiry on Plaintiff's credit records.

14.  As a result of Defendant's conduct, Plaintiff has suffered:
     a.  Actual damages and serious financial harm arising from monetary losses relating to denials to new credit, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges;
     b.  Out of pocket expenses associated with communicating with Defendant, disputing the unauthorized credit inquiry, as well as consultation fees paid to attorneys and other professionals to obtain information and advice about consumer rights credit reporting and use;

c.  Emotional distress and mental anguish associated with having his credit information unlawfully reviewed and having derogatory information transmitted about Plaintiff to other people both known and unknown;

d.  Decreased credit score and creditworthiness, which may result in inability to obtain credit, employment or housing on future attempts.

## FIRST CLAIM FOR RELIEF
### (Violations of FDCPA)

15.  Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

16.  In committing the acts against Plaintiff as alleged above, Defendant subjected Plaintiff to unfair debt collection practices. Their violations include at least the following:

a)  Failing to provide notice of debt to Plaintiff, complete with all required disclosures, per 15 U.S.C. §1692e (11).

b)  Failing to provide written notices of Plaintiff's right to verification and information about their alleged debt, per 15 U.S.C. §1692g(a);

c)  Using false representations and deceptive means to collect or attempt to collect an alleged debt, in violations of 15 U.S.C. §1692e(10);

d)  Using unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. §1692f;

17.  As a consequence of such violations, Plaintiff has sustained special and general damages according to proof, in addition to  attorney's fees and costs as determined by the court pursuant to 15 U.S.C. §1692k.

## SECOND CLAIM FOR RELIEF
### (Violations of RFDCPA)

18.  Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

19.  In committing the acts against Plaintiff as alleged above, Defendant subjected Plaintiff to unfair debt collection practices. Their violations include at least the following:

a) Using false representations and deceptive means to collect or attempt to collect alleged debts, in violation of California Civil Code §1788.17;

b) Using unfair and/or unconscionable means to collect alleged debts, in violation of California Civil Code §1788.17;

20. As a result of these violations of the California's Fair Debt Collection Practices Act by Defendant, Plaintiff has suffered general and special damages according to proof, and is entitled to a statutory penalty for each separate violation of this Act, as well as punitive damages against all Defendant for conduct amounting to oppression and malice under California law, pursuant to California Civil Code §1788.30. Additionally, Plaintiff is entitled to attorney's fees, costs and expenses under this law.

## THIRD CLAIM FOR RELIEF
### (Violations the FCRA)

21. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

22. In committing the acts against Plaintiff as alleged above, Defendant subjected Plaintiff to unfair credit reporting practices. Their violations include at least the following:

a) Obtaining and reviewing Plaintiff's credit report from CRA's without having permissible purpose required under 15 U.S.C. §1681b.

23. Based on information and belief, the credit reviews and the hard credit inquiries were used as collection tactics by Defendant with intent to obtain information and thereby unfair advantage over Plaintiff and/or harm Plaintiff's good name and credit rating. Thus, the credit review inquiries, while a clear violation of fair credit reporting laws, based on the circumstances of this case also constitute unlawful collection attempts under Federal and State Fair Debt Collection Practices Acts. The accusations stated in this cause of action directly relate to the allegations asserted throughout this Complaint.

24. As a result of these unauthorized actions by the Defendant mentioned above, Plaintiff has suffered damages and is entitled to actual damages, punitive damages as the court may allow, as well as reasonable costs and attorney's fees pursuant to 15 U.S.C. §1681(n).

## FOURTH CLAIM FOR RELIEF
### (Violations of CCRAA)

25.  Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

26.  In committing the acts against Plaintiff as alleged above, Defendant subjected Plaintiff to unfair credit reporting practices. Their violations include at least the following:

   a)  Obtaining and reviewing Plaintiff's credit report from CRA's without having permissible purpose required under California Civil Code §1785.11.

27.  As a result of these unauthorized actions by the Defendant mentioned above, Plaintiff has suffered damages and is entitled to actual damages, punitive damages as the court may allow, injunctive relief ordering deletion of the credit inquiries and refraining Defendant from future credit reviews conducted on Plaintiff pursuant to Cal. Civ. Code §1785.31.

## FIFTH CLAIM FOR RELIEF
### (Defamation-Libel)

28.  Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

29.  The hard credit inquiry made by Defendant is defamatory because the general public and credit grantors in particular, recognize collection agencies and presume that when a collection agency pulls and reviews a consumer's credit file, there must exist a valid claim of debt owed by the consumer to such collection agency, regardless of the circumstances under which the inquiry was made.

30.  The hard credit inquiry creates a presumption of delinquencies and an overall poor fiscal responsibility, damaging Plaintiff's credit rating and his ability to secure and utilize credit and maintain good relationships with creditors.

31.  The hard credit inquiry constitutes libel per se in that it clearly exposed, and continues to expose, Plaintiff to ridicule and tend directly to injure him by portraying him as a delinquent and a poor credit risk.

32.  Plaintiff has been damaged by loss of reputation, shame, and embarrassment, as well as having suffered severe emotional distress.

33.   Based on information and belief Plaintiff alleges that in doing the foregoing acts, the Defendant acted in willful disregard for the consequences of its actions and the effects on the Plaintiff and his credit, and did so intentionally and willfully, with malice, and with the intent to injure and/or oppress Plaintiff.

### SIXTH CLAIM FOR RELIEF
#### (Invasion of Privacy/False Light)

34.   Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

35.   Defendant's above actions violated Plaintiff's right of privacy by impermissibly accessing Plaintiff's most private information and placing the Plaintiff in a false light before the eyes of others, including potential credit grantors and creditors as well as family, friends and the general public.

36.   By such unauthorized invasion, publication and circulation of Plaintiff's name and the inaccurate information, Defendant invaded Plaintiff's right to privacy, subjected Plaintiff to ridicule and contempt, injured Plaintiff's personal esteem, reflected disgracefully on Plaintiff's character, diminished Plaintiff's high standing, reputation and good name among family, friends, neighbors and business associates, destroyed Plaintiff's peace of mind, and caused Plaintiff severe mental and emotional distress.

37.   The conducts of Defendant were a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

### PRAYER FOR RELIEF

38.   Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

39.   Plaintiff contends that the actions of the Defendant constituted willful violations of the Fair Debt Collection Practices Act, Rosenthal Fair Debt Collection Practices Act, Fair Credit Reporting Act and Consumer Credit Reporting Agencies Act.

40.    A judicial declaration that the conduct of Defendant violated applicable statutes is not just and appropriate.

WHEREFORE, Plaintiff requests that judgment be entered in his favor against the Defendant as follows:

1.    Statutory Damages and/or

Actual and General Damages sustained by Plaintiff in an amount to be proven at trial, pursuant to California 15 U.S.C. §1692k(a)(1) and/or California Civil Code §1788.30(a), and 15 U.S.C. §1681n(a)(1) and (b).

2.    Injunctive relief instructing Defendant to delete the unlawfully made credit inquiry from Plaintiff's credit reports.

3.    Costs and reasonable attorney's fees, pursuant to 15 U.S.C. §1692k(a)(3) and/or California Civil Code §1788.30(c), and 15 U.S.C. §1681n(a)(3) and (c).

4.    Punitive damages pursuant to California Civil Code §1788.30(b) and 15 U.S.C. §1681n(a)(2) as the court may allow.

5.    Any other further damages this Honorable Court finds just and proper.

DATED: January 18, 2012                    Respectfully submitted


                                          By:_____
                                          Stepan Vartanian, Plaintiff In Pro Per

I, Stepan Vartanian, have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

|  | | YES | NO |
|---|---|---|---|
| 1. | Sleeplessness | YES | NO |
| 2. | Fear of answering the telephone | YES | NO |
| 3. | Nervousness | YES | NO |
| 4. | Fear of answering the door | YES | NO |
| 5. | Embarrassment when speaking with family or friends | YES | NO |
| 6. | Depressions (sad, anxious, or "empty" moods) | YES | NO |
| 7. | Chest pains | YES | NO |
| 8. | Feelings of hopelessness, pessimism | YES | NO |
| 9. | Feelings of guilt, worthlessness, helplessness | YES | NO |
| 10. | Appetite and/or weight loss or overeating and weight gain | YES | NO |
| 11. | Thoughts of death, suicide or suicide attempts | YES | NO |
| 12. | Restlessness or irritability | YES | NO |
| 13. | Headache, nausea, chronic pain or fatigue | YES | NO |
| 14. | Negative impact on my job | YES | NO |
| 15. | Negative impact on my relationships | YES | NO |

Other physical or emotional symptoms I believe are associated with abusive debt collection activities:_____
_____
_____
_____
_____
_____
_____
_____.

Pursuant to 28 U.S.C. §1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 01/18/2012        _____
                                          Signed Name

                                _____
                                          Stepan Vartanian
                                          Printed Name

COMPLAINT FOR DAMAGES- 16

## **VERIFICATION**

I, Stepan Vartanian, am the Plaintiff in the above entitled action. I have read the foregoing complaint. The facts stated herein are within my knowledge and are true and correct, except those matters stated on information and belief, and, so to those, I believe them to be true and correct. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on 01/18/2012 at North Hollywood, California.

By:_____

Stepan Vartanian, PLAINTIFF, Pro Per

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV12- 459 CAS  (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**FOR OFFICE USE ONLY**

Name & Address:
Stepan Vartanian, Plaintiff In Pro Se
7739 Goodland Ave
North Hollywood, CA 91605
TEL. 818-923-4040

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Stepan Vartanian, an individual<br><br>PLAINTIFF(S)<br><br>v.<br><br>PHILLIPS AND COHEN ASSOCIATES, LTD a<br>Florida Limited Trade Distribution<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV12-459-**CAS (AGRx)<br><br><br>**SUMMONS** |

TO:    DEFENDANT(S): <u>PHILLIPS AND COHEN ASSOCIATES, LTD</u>

**FOR OFFICE USE ONLY**

A lawsuit has been filed against you.

    Within <u>  21  </u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, <u>7739 GOODLAND AVE</u>, whose address is <u>NORTH HOLLYWOOD, CA 91605    *Stepan Vartanian*</u>.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  **JAN 2 3 2012**

By: _____
      **ANN M. MARTINEZ**
      Deputy Clerk

*(Seal of the Court)*

*1197*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**FOR OFFICE USE ONLY**

CV-01A (12/07)           **SUMMONS**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☑)<br>Stepan Vartanian | **DEFENDANTS**<br>PHILLIPS AND COHEN ASSOCIATES, LTD |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>7739 GOODLAND AVE, NORTH HOLLYWOOD, CA 91605<br>TEL. 818-923-4040 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No       ☐ **MONEY DEMANDED IN COMPLAINT: $** Not Yet Asserted

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
VIOLATIONS OF 15 U.S.C. Section 1681, 15 U.S.C. Section 1692, Cal. Civ. Code Section 1788, Cal. Civ. Code Section 1785, Defamation-Libel, Invasion of Privacy/false

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☑ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: _CV 12 - 459 - CAS ( AGRx )_

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                                    CIVIL COVER SHEET                                    Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
     Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 01/18/2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |