Debbie P. Kirkpatrick, Esq. (SBN 207112)
Albert R. Limberg, Esq, (SBN 211110)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Ste 150
San Diego, CA  92108-3426
Tel:   619/758-1891
Fax:  619/296-2013
dkirkpatrick@sessions-law.biz
alimberg@sessions-law.biz

Attorneys for Defendant Phillips & Cohen Associates, Ltd.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPAN VARTANIAN, an individual, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>PHILLIPS AND COHEN )<br>ASSOCIATES, LTD, )<br>)<br>Defendants. )<br>_____ ) | Case No.  CV 12-459 CAS (AGRx)<br><br>**JOINT RULE 26(f) REPORT &<br>PROPOSED DISCOVERY PLAN**<br><br>Scheduling Conference: 5/21/2012<br>Time:  11:00 a.m.<br>Courtroom: 5<br>Judge: Hon.  Christina A. Snyder |

Pursuant to Federal Rule of Civil Procedure Rule 26(f), Plaintiff Stephan Vartanian and Defendant Phillips & Cohen Associates, Ltd. met and conferred telephonically through undersigned counsel and submit the following Joint Rule 26(f) Report and Proposed Discovery Plan.

A.     **A short statement of claims, counterclaims, and affirmative defenses.**

Plaintiff alleges that Defendant violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681 *et seq.*, by obtaining his credit report in November 2010 without a permissible purpose. Plaintiff claims violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788, et seq., the Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1725.85, et seq., and defamation and invasion of privacy on the same grounds. Plaintiff alleges he is entitled to statutory damages, actual damages, attorneys fees and costs.

Defendant denies Plaintiff's allegations. Defendant is presently unable to identify any record of making the credit inquiry alleged by Plaintiff. Additionally, Defendant is presently unable to identify a collection account relating to Plaintiff. Investigation is continuing. Defendant contends it has a permissible purpose to make a credit inquiry when it does so because it makes a credit inquiry only in connection with placement of an account for collection.

B.     **A brief description of the key legal issues.**

The key legal issue presented in this case is whether Defendant had a permissible purpose to obtain Plaintiff's credit report. Additionally, pre-emption

by the FCRA of Plaintiff's claims under the Rosenthal Act, CCRAA, for defamation and/or for invasion of privacy is a key legal issue.

**C.  A discussion of the likelihood of motions seeking to add other parties or claims, file amended pleadings, or transfer venue.**

The parties do not presently anticipate filing amended pleadings, adding other parties, or moving to transfer venue.  The parties propose that the deadline to amend the pleadings be August 1, 2012.

**D.  Insurance Coverage:**

Defendant maintains professional liability insurance and does not expect insurance coverage to impact this litigation.

**E.  A discussion of discovery and experts pursuant to Rule 26(f).**

The Parties agree to conduct discovery per the Federal Rules of Civil Procedure guidelines and constraints.  The parties believe that any information pertaining to the communication between Plaintiff and Defendants, and each of them, both written and oral, will need to be discovered.  The parties agree to limit the number of written discovery requests as set forth in the Federal Rules of Civil Procedure.  The parties further agree to a maximum of three (3) depositions to be taken by each party, excluding expert depositions.

1)  Plaintiff's discovery will be directed toward Defendant obtaining Plaintiff credit report.  Plaintiff will also conduct discovery into Defendant's

affirmative defenses.  Plaintiff intends to conduct depositions and propound written discovery.

2) Defendant's discovery will be directed toward Plaintiff's allegations and damages.  Defendant may take Plaintiff's deposition and will propound written discovery to Plaintiff.

3) Expert witness disclosures:  The parties agree to the time for expert witness disclosures set forth in FRCP 26(a)(2)(C).

4) Electronically stored information:  The parties have not identified nor anticipate issues to arise relating to the identification, maintenance and production of electronically stored information.  The parties agree to produce electronically stored information in hard copy form.

5) Discovery conducted thus far:  The parties have not yet conducted discovery.

6) Discovery Limitations: None except as stated above.  Defendant anticipates the need for a Stipulated Protective Order and Confidentiality Agreement as to any account notes or confidential and proprietary information requested in discovery.

**F.    A description of any issues which may be resolved by motions for summary judgment.**

Defendant believes that liability can be determined in a motion for summary judgment.

**G.  A brief description of settlement discussions to date, and the settlement selection pursuant to Local Rule 16.**

The parties have discussed settlement in good faith and were unable to reach an agreement. The parties consent to mediation through the Court's ADR program/mediator panel.  The parties will be prepared for mediation in 90 days.

**H.  A realistic time estimate required for trial and whether it will jury or court.**

Plaintiff has requested a jury trial and anticipates a 2or 3 day trial.

Defendant is not requesting a jury trial.  Defendant anticipates a 1 day bench trial or 2 day jury trial if Plaintiff continues to request a jury trial.

**I.  Proposed dates.**

The parties have discussed and agreed on the following dates:

1) Fact discovery cut-off = December 14, 2012

2) Expert Witness Disclosure = November 30, 2012

3) Rebuttal Expert Witness Disclosure = December 21, 2012

4) Expert discovery cut-off = January 25, 2013

5) Motion hearing date cut-off = February 15, 2013

6) Pre-trial conference = March 8, 2013

7) Trial = March 29, 2012

**J.     Any other matters affecting the status of the case.**

None.

**K.     Disclosure By Corporate Parties**

Defendant filed the "Certification of Interested Entities or Persons" on January 23, 2012.  As stated in the certification, Defendant believes that the following listed persons (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could substantially be affected by the outcome of this proceeding: Phillips & Cohen Associates, Ltd.

**L.     Patent Cases.**

Not applicable.

**M.     Consent to Magistrate Judge.**

The parties do not consent to a magistrate judge for all purposes.

                                    Respectfully submitted:

Date: May 14, 2012        OMNIA LEGAL INC.

_____
/s/ArshakBartoumian

Arshak Bartoumian
Attorney for Plaintiff
Stepan Vartanian

Dated: 5/14/12           SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.

                         <u>/s/ Debbie P. Kirkpatrick</u>
                         Debbie P. Kirkpatrick,
                         Attorney for Defendant
                         Phillips & Cohen Associates, Ltd.